IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV85-1-MU

DONNIE JERMAINE FARRAR,       )
                              )
    Petitioner,              )
                              )
v.                            )        **O R D E R**
                              )
ANTHONY HATHAWAY,III,         )
                              )
    Respondent.              )
_____)

**THIS MATTER** comes before the Court upon initial review of the Petitioner's Petition for Writ of Habeas Corpus and Petitioner's Application to Proceed In Forma Pauperis, both filed February 20, 2007.

A Petition for a Writ of Habeas Corpus requires a filing fee of $5.00. After reviewing the affidavit in support of the application to proceed in forma pauperis, the Court concludes that the Petitioner is unable to pay the filing fee. Accordingly, his motion to proceed in forma pauperis is granted.

A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N. C. Gen. Stat. § 7A-31; N.C. Gen. Stat. § 15A-1422.

In his Petition for a Writ of Habeas Corpus, Petitioner indicates that he directly appealed his case to the North Carolina Court of Appeals and that on September 1, 1998, no error was found. Petitioner also indicates in his federal habeas petition that he has a petition currently pending with the North Carolina Supreme Court. Petitioner does not specify exactly what he filed in the North Carolina Supreme Court. The Court has contacted the North Carolina Supreme Court and been informed that Petitioner filed a "petition for plain error review" on December 18, 2006. Even if Petitioner's filing were a "properly filed" appeal of the court of appeals finding of no error, because no decision has yet been rendered, his petition is unexhausted in any event. Petitioner thus did not fully exhaust his state court remedies through the direct appeal process.

Petitioner indicates on his petition form that he filed a Motion or Appropriate Relief (MAR) with the Mecklenburg County Superior Court which was denied on October 26, 1998. Petitioner did not appeal the denial of his MAR to the North Carolina Court of Appeals.[1] The Court therefore concludes, based upon the evidence provided to the Court by the Petitioner himself, that he has failed to fully exhaust his state court remedies and his federal habeas petition

---

[1] An appeal of a MAR is not properly filed in the North Carolina Supreme Court. Consequently, to the extent that Petitioner's supreme court filing is an attempt to appeal the 1999 denial of his MAR, it will not serve to fully exhaust his claims. Moreover, as it is still pending it cannot possibly be exhausted.

must be dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> is **GRANTED**; a

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice** for failure to exhaust his state court remedies.

Signed: February 27, 2007

Graham C. Mullen
United States District Judge